IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| ANGELA GODBOLT, | ) | |
| | ) | CASE NO. BK11-82472-TLS |
| Debtor(s). | ) | A12-8027-TLS |
| TREVIS C. SALLIS, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| ANGELA GODBOLT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the plaintiff's motion for entry of default judgment (Fil. No. 16). Neither party is represented by counsel.

The motion is denied.

Angela Godbolt filed her Chapter 7 bankruptcy petition on September 29, 2011. She had no non-exempt assets to administer for the benefit of creditors, so her debts were discharged and the case was closed in May 2012.

In the meantime, Trevis Sallis filed an adversary complaint against Ms. Godbolt, alleging that Ms. Godbolt borrowed $106,161.00 from him in March 2008 to pay past-due business and personal expenses. She executed a promissory note at that time to memorialize the debt. The note's repayment terms called for monthly payments of $3,000.00 until the principal and interest at seven percent per annum were paid in full. Ms. Godbolt repaid approximately $1,500.00 of the amount due before filing bankruptcy. The debt was not listed in Ms. Godbolt's bankruptcy schedules.

Mr. Sallis seeks to have the debt excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6), alleging that Ms. Godbolt fraudulently obtained the loan because she had no intention of repaying it, and that she caused him a willful and malicious injury by not repaying it.

The summons and complaint were served on Ms. Godbolt by certified mail with return receipt. She signed for the letter on May 14, 2012, but did not thereafter file an answer or any other pleading. The court directed Mr. Sallis to move for further relief. He twice obtained extensions of time for doing so because the parties were discussing settlement. On October 31, 2012, he filed the pending motion for entry of default judgment.

Federal Rule of Civil Procedure 55(b), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7055, sets out the grounds and procedure for entry of judgments by default.[1] Such judgments are not favored by the law and should be entered only rarely. *Jones Truck Lines, Inc. v. Foster's Truck & Equip. Sales, Inc. (In re Jones Truck Lines, Inc.)*, 63 F.3d 685, 688 (8th Cir. 1995). The court distinguishes between carelessness by a defaulting party and "contumaciousness or intentional flouting or disregard of the court and its procedures." *Iowa Oil Co. v. T Mart Inc. (In re Iowa Oil Co.)*, 299 B.R. 555, 562 (Bankr. N.D. Iowa 2003) (citing *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). There is a "judicial preference for adjudication on the merits" which goes to "the fundamental fairness of the adjudicatory process." *Oberstar v. FDIC*, 987 F.2d 494, 504 (8th Cir. 1993).

Here, Ms. Godbolt did not respond to the summons, whether through oversight or concession. Nevertheless, the court will not enter a default judgment against her without ascertaining that the allegations against her have been established. The elements of § 523(a)(2)(A) require the creditor to prove, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. *R & R Ready Mix v. Freier (In re Freier)*, 604 F.3d 583, 587 (8th Cir. 2010). Even if a debtor makes a false statement,

---

[1] The relevant provisions of the rule state:

Rule 55. Default; Default Judgment

. . .

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

no fraud exists unless the debtor knows that statement is false at the time it is made. *Lindau v. Nelson (In re Nelson)*, 357 B.R. 508, 513 (B.A.P. 8th Cir. 2006). "A promise is a representation of intent to perform that which is promised. A breach of the promise, however, does not establish that the representation was false." *Davis v. Rickabaugh (In re Rickabaugh)*, 355 B.R. 743, 757 (Bankr. N.D. Iowa 2006) (citing *DCFS Trust v. Goldstein (In re Goldstein)*, 345 B.R. 412, 422 (Bankr. D. Mass. 2006)). "The intent element of § 523(a)(2)(A) does not require a finding of malevolence or personal ill-will; all it requires is a showing of an intent to induce the creditor to rely and act on the misrepresentations in question." *Merchants Nat'l Bank v. Moen (In re Moen)*, 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999) (quoting *Moodie-Yannotti v. Swan (In re Swan)*, 156 B.R. 618, 623 n.6 (Bankr. D. Minn. 1993)). The key is whether the debtor knew the statement to be false at the time she made it. "Even if a false statement is made, no fraud exists unless the maker knows the statement is false at the time the statement is made." *Nelson*, 357 B.R. at 513.

For the debt to be excepted under § 523(a)(6) "for willful and malicious injury by the debtor to another entity or to the property of another entity," the creditor must establish, by a preponderance of the evidence, that the debt arises from an injury that is both willful and malicious. *Sells v. Porter (In re Porter)*, 539 F.3d 889, 893 (8th Cir. 2008). In this context, the term "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional. If the debtor knows that the consequences are certain, or substantially certain, to result from her conduct, the debtor is treated as if she had, in fact, desired to produce those consequences. *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008). A "malicious" injury is one that is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause harm. *Jamrose v. D'Amato (In re D'Amato)*, 341 B.R. 1, 4-5 (B.A.P. 8th Cir. 2006). The category of injury envisioned by the United States Supreme Court is that of an intentional tort, *Osborne v. Stage (In re Stage)*, 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)), so proof of intent to harm is a necessary element of the case. *Van Daele Bros., Inc. v. Thoms (In re Thoms)*, 460 B.R. 749, 753 (B.A.P. 8th Cir. 2011).

Both bases for non-dischargeability require a finding of intent, which is a factual question. *Sinclair Oil Corp. v. Jones (In re Jones)*, 31 F.3d 659, 662 (8th Cir. 1994). Under Rule 55(b)(2)(C), the court may hold a hearing in order to establish the truth of any allegation. Accordingly, in a situation such as this where neither party is represented by an attorney and a primary element of the plaintiff's cause of action is not clear, it is appropriate in the interests of fundamental fairness to set this matter for trial instead of granting default judgment. The Clerk of the Bankruptcy Court will schedule this matter for a hearing at which the plaintiff should be prepared to testify about the loan. If the debtor chooses to appear at the hearing, she may also testify about the transaction. The court will then determine whether the facts in evidence establish the elements laid out above and support a finding that the debt should not be discharged.

IT IS ORDERED: The plaintiff's motion for entry of default judgment (Fil. No. 16) is denied. The clerk shall set the matter for a half-day trial.

DATED: November 2, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Trevis C. Sallis
    Angela Godbolt
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.